IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL SWYMN, VIKING ANIMATION & CONSULTING, L.L.C. <br><br> Plaintiff <br><br> v. <br><br> DJI TECHNOLOGY INC. <br> SZ DJI TECHNOLOGY CO. LTD. & <br> SHENZEN DAJIANG BAIWANG TECHNOLOGY CO. LTD <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> |

**COMPLAINT FOR REDHIBITORY DEFECTS**

Plaintiff Michael Swymn, Viking Animation & Consulting, LLC, by and through their attorneys, hereby file this complaint against Defendants DJI Technology Inc, SZ DJI Technology Co. Ltd, and Shenzen Dajiang Baiwang Technology Co. Ltd (Collectively "DJI") and allege as follows:

**NATURE OF THE ACTION**

1. The seller warrants the buyer against redhibitory defect, or vices in the thing sold. A defect is redhibitory when it renders the thing useless. LA C.C. Art. 2520. A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have is, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing. LA C.C. Art. 2545

**PARTIES**

2. Plaintiff Viking Animation and Consulting, L.L.C. is a Louisiana limited liability company with a principal place of business at 42035 Yokum Rd Ponchatoula, Louisiana 70454. Represented by Agent and Officer Michael Swymn.

3. Defendant DJI Technology Inc. is a California corporation with its principal place of

business at 201 S. Victory Blvd., Burbank, California, 91503. DJI Technology Inc.

4. Defendant SZ DJI Technology Co., Ltd. is a Chinese corporation with its principal place of business at 14th Floor, West Wing, Skyworth, Semiconductor Design Building, No. 18 Gaoxin South 4th Ave. Nanshan District, Shenzhen, China. On information and belief, SZ DJI is responsible for the research and development of DJI branded products sold in the United States.

5. Defendant Shenzhen Dajiang Baiwang Technology Co., Ltd. hereinafter referred to as "SZ DJI Baiwang" Is a Chinese corporation with its principal place of business at building 9,7,2,1, Baiwang Creative Factory No. 1051, Songbai Road, Xili, Nanshan District, Shenzen, China. DJI Baiwang is responsible for the manufacturing of the DJI products.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1332. The parties are of complete diversity and the claims exceed $75,000.00.

6 This Court has personal jurisdiction over DJI because, directly or through an intermediary, or agent, each Defendant has committed acts within Louisiana giving rise to this action and has established minimum contacts with Louisiana such that the exercise of each jurisdiction would not offend traditional notions of fair play and substantial justice. Each Defendant knowingly introduces into the stream of commerce products and/or components of products into the state of Louisiana.

7. For example, Defendants have partnered with over 100 retail stores located in the state of Louisiana, including but not limited to, Wal-Mart, Apple Store, Best Buy, and Sam's Club. Please see map from the official DJI website attached hereto as **Exhibit** "1" showing where certified sellers of DJI drones can be found in the state of Louisiana. In addition, the plaintiff in this matter purchased all of his DJI drones and attachments from Copter Source, LLC 10902 Interstate 10 East Baytown, TX 77523. According to DJI.com, Copter Source, LLC is a DJI Authorized Retail store. Please see map from DJI.com attached hereto as **Exhibit** "2". Copter Source, LLC is the closest DJI Retail store to Louisiana. Coptersource.com contains the following in its "about" section "not a far drive and easy highway access for all Drone Enthusiasts in Austin, Houston, San Antonio, and our neighbors in Louisiana." Please see copy attached hereto as **Exhibit** "3".

8. On information and belief, SZ DJI designs and manufactures the products and places them into the stream of commerce via an established distribution channel with the knowledge and expectation that such products would be sold in this District. DJI's website says "headquarters in Shenzhen, widely considered China's Silicon Valley, DJI benefits from direct access to the suppliers, raw materials, and young, creative talent pool necessary for sustained success." In addition, it says, "our wholly owned subsidiary Shenzhen Daijiang Baiwang Technology Co., Ltd. is a high-tech manufacturing facility specializing in unmanned aerial vehicles."

9. On information and belief, all Defendants act in concert as a single entity to develop, manufacture, distribute, import, and sell DJI Drones. Each Defendant has derived substantial revenues from this District.

10. Venue is proper for DJI Technology Inc. under 28 U.S.C § 1391 (d) Corporations that have "contacts" with a state that has more than one federal district, Corporation will be deemed to reside in any federal district in which the corporation has sufficient minimum contacts with a district. Defendant has minimum contacts throughout the state as well as markets and derives profits from the district in question.

11. Venue is proper for SZ DJI Technology Co. Ltd and SZ DJI Baiwang Technology Co., LTD under 28 U.S.C § 1391 (c)(3), which provides a defendant not residing in the United States may be sued in any judicial district.

**FACTS OF THE CASE**

12. Petitioner, Michael Swymn purchased a M 600 D-RTK System, M600 LiPo Sets, Matrice 600 Pro RoninMX, Hasselblad A6D Combo, M600 D-RTK System case, LiPo Sets Chargers and Heavy Lift Upgrade, LiPo Sets, Emlid RTK from defendant on the following dates: 1/4/2018, 1/31/2018, 3/21/2018, and 7/24/2018 for a total price of Forty-six Thousand Seven Hundred Fifty-Four Dollars and 34/00 ($46,754.34). Attached herein as **Exhibit** "4".

13. Petitioners purchased the aforementioned items for the purpose of producing high resolution photographs, surveys, and fly over videos for chemical, natural gas, and petroleum refineries.

14. On July 28th, 2018 Plaintiff was to perform surveying and imaging at Limetree Bay

Terminal in St. Croix, USVI for Jacobs Engineering Group INC. Attached herein as **Exhibit** "5" is the contract agreed upon on July 3, 2018 and revised on July 12, 2018 detailing the agreement for the UAV Services.

15. On July 28th, 2018 the plaintiff while performing the above contracted work at Limetree Bay Terminal in St. Croix, USVI, experienced the following incident resulting the destruction of the drone and the loss of the contracted work. The drone was set to perform a survey of the refinery using "Waypoint" technology. Waypoint GPS navigation allows a drone to fly on its own with its flying destination or points pre-planned and configured into the drone navigational software. The drone is supposed to rise vertically to the necessary altitude for proper imaging, then begin moving horizontally between the waypoints. After successful missions on the first day of the project, however on the second day of the project the drone did not rise vertically to the necessary mission prescribed altitude before moving horizontally. The drone rose and moved towards Waypoint 1 at a horizontal angle, colliding with a vessel at the refinery. After colliding with the vessel, the drone fell to the ground, where the battery burst into flames. This was not caused by user error, but was a hardware or software issue according to the defendants. Please see emails with DJI attached herein as **Exhibit** "6" Luckily, the refinery was not operating at this time, preventing a possible larger catastrophic event. The drone was damaged to the point of non-repair from colliding with the vessel, the ground, and subsequently the battery fire. Please see accident report attached herein as **Exhibit** "7"

16. The drone's defects render it useless for its intended purpose(s) and petitioners would not have purchased said item from the defendant had the vices been known at the time of purchase. A demand letter was forwarded to the defendant on April 16, 2019 by certified mail and a response was mailed to petitioners on May 6, 2019. The response was in effect a denial of any claim against defendant and did not settle the issue(s).

17. Petitioners pray for a rescission of the sale(s).

18. In an addition to the rescission, petitioners ask to be compensated for the damages they have sustained following purchasing the drone that are directly attributable to the underlying complaint made herein. Specifically, petitioner was unable to complete the contract attached herein as **Exhibit** "5" they did not receive any of the ($228,856.00) payment due because they could not complete the job. In addition, Petitioners were forced to withdraw from already agreed upon contracts to perform substantially similar work totaling ($6,000.00), proof of which is attached herein as **Exhibit** "8". Petitioner was forced to turn down a project expected to be worth ($250,000.00), proof of which is attached herein as **Exhibit** "9". Petitioners can show further

compensable damage due unto them by defendant at trial in this matter.

Defendant is liable to petitioner for his claims and damages as set out herein above plus reasonable attorney's fees and costs of these proceedings, the total of which exceeds $75,000.00.

**WHEREFORE**, **PETITIONERS, MICHAEL SWYMN and VIKING ANIMATION & CONSULTING, LLC , PRAY** that after all legal delays have elapsed, that a judgment is entered in their favor and against defendants, DJI Technology Inc. and SZ DJI Technology Co. Ltd., for rescission of the underlying sale, for damages as set out hereinabove, attorney's fees, special damages, legal interest, costs, and all general and equitable relief.

### JURY DEMAND

Pursuant to Rule 38(b) of the federal Rules of Civil procedure for the United States District Courts, Plaintiffs request a trial by jury on all triable issues.

Respectfully submitted:

S/ Ryan J Williams_____
  RYAN J. WILLIAMS
  Drake Law Firm, LLC
  154 West Pine Street
  Ponchatoula, Louisiana 70454
  (985) 386-7600
  Bar No. 38442

  *Attorney for Plaintiffs*
  *Viking Animation and Consulting, L.L.C.,*
  *Michael Swymn*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL SWYMN, VIKING AMINATION & CONSULTING, L.L.C.<br><br>      **Plaintiff**<br><br>v.<br><br>DJI TECHNOLOGY INC.<br>SZ DJI TECHNOLOGY CO. LTD. &<br>SHENZEN DAJIANG BAIWANG TECHNOLOGY CO. LTD<br><br>      **Defendants** | )<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## **VERIFICATION**

BEFORE ME, the undersigned authority, personally came and appeared:

MICHAEL SWYMN

Who, after being duly sworn, did depose and say that he is the Independent Administrator in the above foregoing matter; that this Petition for Redhibitory defects is true and correct to the best of his knowledge, information and belief.

                                                                              _____
                                                                              MICHAEL SWYMN

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS \_\_\_\_ DAY OF
_____, 2019

_____
NOTARY PUBLIC (#156565)